UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| FEDERICO FLORES CAZARES and | § | |
| LUDIVINA FLORES | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CASE NO. 7:18-CV-136-MA |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY | § | |
| Defendant. | § | |

## **PLAINTIFFS' FIRST AMENDED PETITION/COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **FEDERICO FLORES CAZARES AND LUDIVINA DE FLORES,** complaining of **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,** and for cause of action would show:

### **I. PARTIES**

1. Plaintiffs are residents of Hidalgo County, Texas.

2. Defendant Allstate Vehicle and Property Insurance Company is an Illinois Corporation engaging in the business of insurance in the State of Texas.

### **III. JURISDICTION & VENUE**

3. The subject matter in controversy is within the jurisdictional limits of state court. This court does not have subject matter jurisdiction as the amount in controversy does not exceed $75,000. Plaintiffs have filed a Motion for Remand on the matter.

### **IV. FACTS**

4. Plaintiffs are the owners of the Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Allstate.

5. Plaintiffs own the insured property, located at 2105 Cedro Drive, San Juan, Texas 78589

(hereinafter referred to as "the Property").

6. Allstate sold the Policy insuring the property to Plaintiffs.

7. On or about May 31, 2016, Plaintiffs sustained extensive physical damage to the insured Property. During the late afternoon and evening hours of May 31, 2016, a strong supercell thunderstorm moved through the San Juan, Texas area producing heavy rains, and damaging wind and hail.

8. Plaintiffs submitted claims to the Defendant against the policy for damages to the Property as a result of the May 31, 2016 storm. Plaintiffs requested that the Defendant cover the costs of these repairs pursuant to the policy they entered into with the Defendant.

9. The Plaintiffs reported the damage to the covered Property to the Defendant Allstate. The Defendant wrongfully denied Plaintiffs' claim for full repairs to the Property, even though the Policy they have with the Defendant provided coverage for losses such as the losses suffered by the Plaintiffs. Additionally, the Defendant under-scoped damages during its inspections, investigations, and payment and made representation that the policy the Plaintiffs have with Defendant specifically excluded some repairs.

10. As of the date of this filing, the Defendant continues to delay in the payment for the damages to the property. As a result, Plaintiffs have not been paid the full value of the damages suffered to their home.

11. Defendant Allstate failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the policy. In spite of a demand for proceeds to be paid out in an amount sufficient to cover the damaged property, Defendant Allstate has categorically refused to pay the full proceeds available under the policy. Additionally, all conditions precedent to recovery upon the Policy have been carried out by the Plaintiffs. Defendant Allstate's conduct constitutes

a breach of the insurance contract between Plaintiffs and Defendant.

12. Defendant Allstate has misrepresented to Plaintiffs there was no damage to areas of the home that were damaged, and that all damage covered under the Policy has been accounted for, even though it has not been paid in full. Specifically, a report and/or estimate by IntegraClaim, which was provided to Defendant on several occasions, illustrates that there is wind, hail and/or water damage to the roof, exterior of the house, the master bath and kitchen. Despite being provided this estimate and conducting its own inspection, Defendant determined that there was absolutely no damage to the house and denied coverage. Specifically, on September 6, 2016, Defendant issued a standard form letter, signed by David McAffee, stating as follows: "We inspected your property and find there was no physical or additional damage." Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

13. Defendant Allstate's failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy. Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(2)(A).

14. Defendant Allstate's failed to adequately explain to Plaintiffs the reasons for its offer of an inadequate settlement. Specifically, Defendant Allstate failed to offer Plaintiffs adequate compensation, and misrepresented its explanation for why full payment was not being made. Furthermore, Defendant Allstate did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendant Allstate's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(3).

15. Defendant Allstate's refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant Allstate failed to conduct a reasonable investigation. Specifically, Defendant Allstate performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(7).

16. Defendant Allstate failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex Ins. Code §542.056.

17. Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiff has not received full payment for their claim. Defendant Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.058.

18. Since the date Plaintiffs presented their claim to Defendant Allstate, the liability of Defendant Allstate to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant Allstate has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing.

19. Defendant Allstate knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or some material information from

Plaintiffs.

20. As a result of Defendant Allstate's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

## V. CAUSES OF ACTION

### Causes of Action Against Defendant Allstate

21. Defendant Allstate is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### Breach of Contract

22. Defendant Allstate's conduct constitutes a breach of the insurance contract made between Defendant Allstate and Plaintiffs.

23. Defendant Allstate's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant Allstate's insurance contract with Plaintiffs.

### Noncompliance with Texas Insurance Code: Unfair Settlement Practices

24. Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a).  All violations under this article are made actionable by Tex. Ins. Code §5411.151.

25. Defendant Allstate's  unfair settlement practice, as described above in paragraph 13, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.

Tex. Ins. Code §541.060(a)(1).

26. Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

27. Defendant Allstate's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

### Noncompliance with Texas Insurance Code: The Prompt Payment of Claims

28. Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Tex. Ins. Code §542.060.

29. Defendant Allstate's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.058.

### Breach of the Duty of Good Faith and Fair Dealing

30. Defendant Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

31. Defendant Allstate's failure, as described above, to adequately and reasonably

investigate and evaluate Plaintiffs' claim, although, at that time, Defendant Allstate knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### **Knowledge**

32. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

### **VI. DAMAGES**

33. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

34. As previously mentioned, the damages caused by this storm have not been properly addressed or repaired in the months and now years since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant Allstate's mishandling of Plaintiffs' claim in violation of the laws set forth above.

35. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

36. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. Tex. Ins. Code §541.152.

37. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

38. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

39. For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

40. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

41. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include their past and future medical expenses, that should have been paid pursuant to the policy, mental anguish, pain and suffering, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. Tex. Ins. Code §541.152.

42. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

43. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

44. Plaintiffs' counsel states that neither counsel nor Plaintiffs will neither seek nor accept an amount in excess of $75,000, whether together or separately, including but not limited to actual damages, punitive or exemplary damages, attorney's fees and additional damages under any common law or statutory claim, including claims under the Texas Insurance Code and Deceptive Trade Practices Act and prompt payment penalties under the Texas Insurance Code, but exclusive of interests and costs as defined by 28 USC 1332.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to damages as stated above.

    Respectfully submitted,

By: */s/ Larry Lawrence*
**Larry Lawrence**
Texas Bar No. 00794145
S.D. Tex. Bar No. 21827
**Michael Lawrence**
Texas Bar No. 24055826
S.D. Tex. Bar No. 705429
**Celeste Guerra**
State Bar No. 00795395
S.D. TEX BAR NO. 29235
**LAWRENCE LAW FIRM**
3112 Windsor Road, Suite A234
Austin, Texas 78703
Telephone:    (956) 994-0057

        Facsimile:    (800) 507-4152
        *lawrencefirm@gmail.com*
        *Counsel for Plaintiffs*

        and

**Lory Sopchak**
State Bar No. 24076706
**CARTWRIGHT LAW FIRM, LLP**
1300 Post Oak Boulevard, Suite 760
Houston, Texas 77056
Telephone:    (713) 840-0950
Facsimile:    (713) 840-0046
e-Mail: *lawrencefirm@gmail.com*
    *Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of this instrument has been served upon all parties of record by electronic service on July 10 , 2018:

VIA ELECTRONIC MAIL:

Elena P. Serna
eserna@valdeztrevino.com
Robert Valdez
rvaldez@valdeztrevino.com
Valdez & Trevino

        */s/ Michael Lawrence*
        Michael Lawrence