UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

FEDERICO FLORES CAZARES, *et al*, §
§
     Plaintiffs, §
VS. § CIVIL ACTION NO. 7:18-CV-136
§
ALLSTATE VEHICLE AND PROPERTY §
INSURANCE COMPANY, §
§
     Defendant. §

## <u>ORDER & OPINION</u>

The Court now considers the "Motion to Strike and Exclude Plaintiffs' Experts"[1] and "Motion for Summary Judgment on Plaintiffs' Extra-Contractual Claims"[2] filed by Allstate Vehicle and Property Insurance Company ("Defendant"). Federico Flores Cazares and Ludivina de Flores ("Plaintiffs") did not file a response to Defendant's motions and the time for responding has passed. After considering the motions, record, and relevant authorities, the Court **GRANTS** Defendant's requested relief.

### I. BACKGROUND

This is a first-party property insurance case. Plaintiffs were covered under a policy with Defendant from May 5, 2016 to May 5, 2017.[3] Plaintiffs allege Defendant underpaid their insurance claims for property damage resulting from a May 31, 2016 storm.[4] Plaintiffs submitted[5] their insurance claim to Defendant on August 25, 2016, which Defendant

---

[1] Dkt. No. 20.
[2] Dkt. No. 24.
[3] Dkt. No. 24-1 p. 5.
[4] Dkt. No. 1-3 p. 2, ¶¶ 8–9.
[5] Dkt. No. 24-3.

acknowledged[6] on August 28, 2016. A September 5, 2016 inspection by Defendant's claim representative, Mike Mcafee, concluded Plaintiffs' roof damage was unrelated to storm damage.[7] Based on this inspection, Defendant denied Plaintiffs' claim on September 6, 2016 after finding "no physical or additional damage sustained in the loss."[8]

On October 10, 2016, Plaintiffs requested Defendant review Plaintiffs' estimate prepared by IntegraClaim Public Adjusters ("IntegraClaim") and reconsider its position on Plaintiffs' claim.[9] Defendant rejected IntegraClaim's estimate on grounds it was "ambiguous and d[id] not represent the true scope of damages" resulting from the May 31, 2016 storm.[10] Yet, Defendant stated it would reinspect the property while maintaining its belief of Mike Mcafee's "determination on this loss [to be] fair and accurate."[11] In turn, James Stabler, another claim representative for Defendant, completed a second inspection of the property on December 8, 2016.[12] In line with Mr. Stabler's findings, Defendant denied Plaintiffs' claim on December 9, 2016, because there was no "storm related damage . . . from this storm event" and "there was damage that has occurred over a period of time due to wear/tear, and deterioration and is not covered under [Plaintiffs'] policy."[13]

On January 11, 2017, in receipt of Defendant's "letters dated December 9, 2016 and January 6, 2017," Plaintiffs informed Defendant of their intention to file suit regarding the

---

[6] Dkt. No. 24-4.
[7] Dkt. Nos. 24-5 (estimate) & 24-6 (inspection checklist); *see* Dkt. No. 24 p. 4, ¶ 19 (explaining contents of exhibits).
[8] Dkt. Nos. 24-7.
[9] Dkt. No. 24-8. The Court notes Defendant does not attach the related estimate and "corresponding colored photographs" mentioned in Plaintiffs' October 10, 2016 letter. While Plaintiffs fail to respond to Defendant's motion, the Court notes Plaintiffs attach the mentioned estimate in their expert designations. Dkt. No. 19-1. The Court will set out below its ability to review Plaintiffs' estimate.
[10] Dkt. No. 24-9.
[11] *Id.*
[12] Dkt. No. 24-11.
[13] Dkt. No. 24-13 p. 1.

denied claim.[14] On November 6, 2017, Plaintiffs sent Defendant a demand letter for $55,416.70.[15]

On January 25, 2018, Plaintiffs filed[16] suit against Defendant in state court, and Defendant removed to this Court.[17] On July 26, 2018, the Court dismissed[18] with prejudice Plaintiffs' claims for common law fraud and Texas Insurance Code ("TIC") § 541.060(a)(1) claims, leaving Plaintiffs' claims for breach of contract; violations of the TIC §§ 541.060, (a)(2)(A), (a)(3) (Unfair Settlement Practices), § 542.058 (Prompt Payment of Claims); and common law bad faith claims.[19]

On November 21, 2018, Defendant filed the instant motion[20] to strike and exclude Plaintiffs' experts. Plaintiffs filed no response. On February 11, 2019, Defendant filed the instant motion[21] for summary judgment on Plaintiffs' extra-contractual claims, that is, Plaintiff's remaining claims for TIC violations and breach of common-law duty of good faith and fair dealing. Again, Plaintiffs filed no response. The time for responding to both motions has passed rendering them ripe for review. The Court first turns to Defendant's motion to strike and exclude Plaintiffs' experts.

II. DISCUSSION

a. Defendant's Motion to Strike and Exclude Plaintiffs' Experts

Defendant requests the Court strike Plaintiffs' expert designations and exclude the expert opinions and testimony from Plaintiffs' designated experts because "Plaintiffs' designation does not contain a written report prepared and signed by their retained expert witness [Billy] Liles . . .

---

[14] Dkt. No. 24-14. The record does not show the parties filed letter correspondence dated January 6, 2017.
[15] Dkt. No. 24-10.
[16] Dkt. No. 1-3.
[17] Dkt. No. 1. The Court denied Plaintiffs' motion for remand. Dkt. No. 16.
[18] Dkt. No. 17.
[19] See Dkt. No. 1-3.
[20] Dkt. No. 20.
[21] Dkt. No. 24.

[and] does not state the subject matter nor contain a summary of facts and opinions to which Plaintiffs' non-retained expert witnesses are expected to testify."[22] Defendant also argues Plaintiffs fail to explain their noncompliance with Rule 26 and fail to demonstrate the importance of Plaintiffs' expert testimony.[23] Finally, Defendant asserts it "will be prejudiced by allowing Plaintiffs' designated experts to testify" and "[t]he availability of a continuance to cure such prejudice is unwarranted."[24] Plaintiffs provide no response. The Court finds Plaintiffs' expert designations do not comport with Rule 26 requirements.

### i. Legal Standard

The Court may exclude improperly designated experts by considering the following four factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice."[25] Federal Rule of Civil Procedure ("Rule") 26(a)(2) governs the disclosure of expert testimony and requires, generally, parties to disclose the identity of any expert witnesses they may use at trial to present evidence. The disclosure of a witness "must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."[26] The witness's report must include a complete statement of the witness's opinions, bases, and reasons for them; facts or data considered by the witness in forming the opinions; exhibits that will be used to summarize or support the opinions; the witness's qualifications, including the witness's publications authored

---

[22] Dkt. No. 20 p. 2, ¶¶ 6–7.
[23] *Id.* at pp. 3–4, ¶¶ 11–12.
[24] Dkt. No. 20 pp. 4–6.
[25] *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 835 (5th Cir. 2015) (quoting *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004)).
[26] Fed. R. Civ. P. 26(a)(2)(B).

in the last 10 years; a list of other cases in the last 4 years in which the witness testified as an expert at trial or by deposition; and a statement of compensation.[27] The disclosure of expert witnesses, and thus the accompanying report required by Rule 26(a)(2)(B), must be made at the times and in the sequence that the Court orders.[28]

### ii. Analysis

In their expert disclosures, Plaintiffs identify Billy Liles ("Liles") with Texas Quality First Restoration, LLC; "Employees, personnel, agents, custodian of records" with IntegraClaims; and Larry W. Lawrence, Jr. ("Lawrence") with Lawrence Law Firm as "retained and non-retained expert witnesses in this case."[29] Plaintiffs state they "provide their expert report in accordance with the deadlines set by this Court."[30] According to Plaintiffs, Liles inspected the property at issue and was retained to testify regarding the property damages, costs, and inspection deficiencies on Defendant's part.[31] IntegraClaims is a company that inspected the property and prepared a repair and cost estimate.[32] Plaintiffs do not explicitly state whether the company is retained or not or whether the company (or a company representative) will testify, but simply assert "[t]he estimate is intended to provide evidence of the reasonable costs of repairs associated with damages caused by the subject wind/hail event."[33] Such estimate report is attached to Plaintiffs' designations.[34] Lawrence, Plaintiffs' counsel, is designated to testify "on the issue of reasonable and necessary attorney fees incurred by Plaintiffs in conjunction with the prosecution of this lawsuit."[35] Plaintiffs state a copy of Lawrence's "current resume is available

---

[27] *Id.*
[28] Fed. R. Civ. P. 26(a)(2)(D).
[29] Dkt. No. 19.
[30] *Id.* at p. 1.
[31] *Id.* at p. 4.
[32] *Id.*
[33] *Id.*
[34] Dkt. No. 19-1.
[35] Dkt. No. 19 p. 4.

for inspection and copying at a mutually agreeable date and time."[36] Such resume is absent from the record. For all three of these designated "experts," Plaintiffs' expert designations do not explain the absence of the expert reports or state whether their expert reports will be produced later. The Court points out the lone exhibit relating to IntegraClaims' estimate does not amount to a proper Rule 26 expert report. Before beginning its four-factor analysis on whether to strike and exclude Plaintiffs' expert designations, the Court notes the four-factor test applies to both a party's failure to identify the expert and failure to provide an adequate expert report.[37]

The first factor favors Defendant. Here, Plaintiffs never explain or remedy the absence of expert reports or produce any Rule 26-compliant expert reports to the Court as required by the Federal Rules of Civil Procedure and as ordered by this Court. It is clear by Plaintiffs' designations that their "experts" must provide a written report. Such reports were due by November 13, 2018.[38] Plaintiffs have failed to meet that deadline. Moreover, Plaintiffs' vague designation of IntegraClaims' "Employees, personnel, agents, custodian of records" as an expert does not clearly identify their witness in accordance with Rule 26. Importantly, Plaintiffs also fail to supplement their incomplete disclosures in accordance with Rule 26(e).

As to the second factor, the Fifth Circuit considers whether the expert testimony is "essential to establishing part of a plaintiff's case."[39] If essential, this factor would favor Plaintiffs. Here, the Court is limited in its analysis because Plaintiffs have not responded. Such lack of response equates to no opposition pursuant to the Court's local rules.[40] Thus, the Court determines that Plaintiffs' designated experts are not essential to Plaintiffs' claims.

---

[36] *Id.* at p. 5.
[37] *See Hamburger*, 361 F.3d at 883.
[38] Dkt. No. 10.
[39] *Smith*, 615 F. App'x at 836 (citing *Betzel v. State Farm Lloyds,* 480 F.3d 704, 707–08 (5th Cir.2007) (where expert testimony was essential to proving damages).
[40] LR7.4.

Third, Defendant argues it will be prejudiced by "Plaintiffs['] fail[ure] to provide a written report for their retained expert Liles" and "Plaintiffs['] fail[ure] to provide a summary of facts and opinions for which their non-retained experts are expected to testify."[41] Additionally, Defendant argues "[w]ithout a written expert report, [Defendant] is not in a position to intelligently prepare for and depose Plaintiffs' expert Liles as this time."[42] Moreover, Defendant asserts Plaintiffs create a prejudicial, unfair surprise for Defendant because "Plaintiffs fail to state a summary of the facts and opinions on which both [IntegraClaims and Lawrence] are expected to testify, and merely refer to a large body of information on which [IntegraClaims and Lawrence] rely."[43]

In reviewing Plaintiffs' expert designations and considering the absence of Plaintiffs' response and attached expert reports, the Court finds the third factor weighs in favor of Defendant as to Liles, but in favor of Plaintiffs as to IntegraClaims and Lawrence. Even where Plaintiffs did not respond and no expert reports have been produced, IntegraClaims' testimony can be limited to its estimate, which has been available to Defendant for over two years, and the nature and substance of Lawrence's testimony can be easily obtained by deposition. Thus, Defendant would only be slightly prejudiced by the inclusion of IntegraClaims and Lawrence. However, the Court notes the potential significant prejudice involving Liles' inclusion for the lack of expert report. Without such report, Defendant, who does not bear the burden of proof, is left to speculate as to how to defend this case.

The fourth factor serves to determine whether a continuance may cure such prejudice. A continuance presents "additional delay and increased [] expense of defending the lawsuit."[44]

---

[41] Dkt. No. 20 p. 4, ¶ 13.
[42] *Id.* at p. 5, ¶ 14.
[43] *Id.* at p. 6, ¶ 16.
[44] *Hamburger*, 361 F.3d at 883 (citing *Geiserman v. MacDonald,* 893 F.2d 787, 792 (5th Cir. 1990)).

Here, this factor would only apply to Liles based on the Court's determination that Defendant would not be prejudiced by IntegraClaims or Lawrence. Consequentially, the Court finds a continuance here would likely not cure prejudice because the Court has already granted extensions per the parties' request. Furthermore, Plaintiffs' lack of response to the instant motion again signifies no opposition to Defendant's position. Rather, in light of the case schedule, where the parties' joint pretrial order is due in days and there is no motion for continuance on file, a continuance would *create* such prejudice and reward Plaintiffs for inactivity in their own case.

In sum, Plaintiffs' failure to provide the expert reports by the deadline, in violation of Rule 26(a)(2) and the Rule 26 Scheduling Order issued by this Court, coupled with Plaintiffs' failure to respond to this motion, necessarily precludes Billy Liles; IntegraClaims' "Employees, personnel, agents, custodian of records"; and Larry W. Lawrence, Jr. from providing expert testimony at the trial of this case. Thus, for the reasons set forth above, the Court **GRANTS** Defendant's motion, **STRIKES** Plaintiffs' expert designations, and **EXCLUDES** the expert testimony of Billy Liles; IntegraClaims Public Adjusters' "Employees, personnel, agents, custodian of records"; and Larry W. Lawrence, Jr. The Court turns to Defendant's motion for summary judgment on Plaintiffs' extra-contractual claims.

### b. Defendant's Motion for Summary Judgment on Plaintiffs' Extra-Contractual Claims

Defendant requests summary judgment on Plaintiffs' extra-contractual claims, specifically, violations of the Texas Insurance Code and breach of common-law duty of good faith and fair dealing because it "had a reasonable basis for denying Plaintiffs' claims"[45] and because "there is no evidence to support these claims to present an issue of material fact for

---

[45] Dkt. No. 24 p. 7, ¶ 25.

trial."[46] Plaintiffs did not respond to Defendant's motion. The Court finds Defendant meets its burden of showing the absence of a genuine issue of material fact as to Plaintiffs' claims for violations of the Texas Insurance Code and breach of common-law duty of good faith and fair dealing.

### i. Legal Standard

Under Rule 56, summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[47] "A fact is 'material' if its resolution could affect the outcome of the action,"[48] while a "genuine" dispute is present "only if a reasonable jury could return a verdict for the non-movant."[49] As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[50] "Although this is an exacting standard, summary judgment is appropriate where the only issue before the court is a pure question of law."[51] As to the question of law, because federal jurisdiction is invoked on the basis of diversity of citizenship,[52] this Court, *Erie*-bound, must adhere to grounds of relief authorized by the state law of Texas.[53] Absent a decision by Texas's highest tribunal, the decisions by Texas courts of appeals control "unless [the Court] is convinced by other persuasive data that the highest court of the state would decide otherwise."[54]

---

[46] *Id.* at p. 1, ¶ 1.
[47] Fed. R. Civ. P. 56(a).
[48] *Burrell v. Dr. Pepper/Seven UP Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007) (internal quotation marks and citation omitted).
[49] *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006) (citation omitted).
[50] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[51] *Sheline v. Dun & Bradstreet Corp.*, 948 F.2d 174, 176 (5th Cir. 1991).
[52] *See* Dkt. No. 1 p. 2; Dkt. No. 16.
[53] *See Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 396 (5th Cir. 2013); *Exxon Co. U.S.A, Div. of Exxon Corp. v. Banque De Paris Et Des Pays-Bas*, 889 F.2d 674, 675 (5th Cir. 1989); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).
[54] *Exxon Co. U.S.A, Div. of Exxon Corp.*, 889 F.2d at 675 (quoting *West v. AT&T*, 311 U.S. 223, 237 (1940)).

The movant bears the initial burden of showing the absence of a genuine issue of material fact,[55] but is freed from this initial burden on matters for which the non-movant would bear the burden of proof at trial; in that event, the movant's burden is reduced to merely pointing to the absence of evidence.[56] If the movant meets its initial burden, the non-movant must then demonstrate the existence of a genuine issue of material fact.[57] This demonstration must specifically indicate facts and their significance,[58] and cannot consist solely of "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation."[59]

### ii. Analysis

Here, Defendant argues the bona fide dispute doctrine precludes Plaintiffs' extra-contractual claims because (1) a bona fide dispute existed as to the amount of loss based on "competing estimates and a disagreement regarding the scope of damage"[60]; and (2) Defendant denied Plaintiffs' claim based on the results of two inspections—not including Defendant's review of Plaintiffs' own adjuster's estimate—and still "had a reasonable basis for denying Plaintiffs' claim."[61] In turn, Defendant argues it is entitled to summary judgment on Plaintiffs' extra-contractual claim for breach of common-law duty of good faith and fair dealing as well as Plaintiffs' claims under the TIC because Texas recognizes the same predicate for recovery for these causes of action.[62] The Court agrees.

---

[55] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[56] *See id.* at 323–25; *see also Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995).
[57] *See Celotex Corp.*, 477 U.S. at 323.
[58] *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).
[59] *U.S. ex rel. Farmer v. City of Hous.*, 523 F.3d 333, 337 (5th Cir. 2008) (citing *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)).
[60] Dkt. No. 24 p. 6, ¶ 24.
[61] *Id.* at pp. 6–7, ¶ 24.
[62] *Id.* ¶ 25.

### 1. Common Law Bad Faith

For questions of Texas common law, the Texas Supreme Court is the principal authority.[63] An insurer breaches its duty of good faith and fair dealing with its insured in the processing and payment of claims when: "(1) there is an absence of a reasonable basis for denying or delaying payment of benefits under the policy and (2) the carrier knew or should have known that there was not a reasonable basis for denying the claim or delaying payment of the claim."[64] The first element requires "an objective determination of whether a reasonable insurer under similar circumstances would have delayed or denied the claimant's benefits," assuring that a carrier "will not be subject to liability for an erroneous denial of a claim, as long as a reasonable basis for denial of the claim exists."[65] Moreover, the Texas Supreme Court has "recognized that evidence showing only a bona fide coverage dispute does not, standing alone, demonstrate bad faith."[66] Thus, for example, when an insurer reasonably relies upon its experts for purposes of determining what the insured is owed, there can be no bad faith claim.[67] The insured party bears the burden to prove bad faith, and "must prove that there were no facts before the insurer which, if believed, would justify denial of the claim."[68]

The Court finds there is no evidence Defendant breached its duty of good faith and fair dealing to Plaintiffs in denying Plaintiffs' claim. Here, the evidence is that Defendant denied Plaintiffs' claim on a reasonable basis. No evidence shows the adjusters' reports were not

---

[63] *Mid-Continent Cas. Co. v. Eland Energy, Inc.*, 709 F.3d 515, 520 (5th Cir. 2013) (citing *Paz v. Brush Engineered Materials, Inc.,* 555 F.3d 383, 392 (5th Cir. 2009)).

[64] *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 340 (Tex. 1995) (citing *Aranda v. Insurance Co. of N. Am.,* 748 S.W.2d 210, 213 (Tex.1988), *Arnold v. National County Mut. Fire Ins. Co.,* 725 S.W.2d 165, 167 (Tex.1987)).

[65] *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 340 (Tex. 1995) (citing Aranda at 213; *Lyons v. Millers Casualty Ins. Co. of Texas,* 866 S.W.2d 597, 600 (Tex.1993)) (quotation marks omitted).

[66] *State Farm Lloyds v. Nicolau*, 951 S.W.2d 444, 448 (Tex.1997).

[67] *Richardson E. Baptist Church v. Philadelphia Indem. Ins. Co.*, 2016 WL 1242480, at *11 (Tex. App.—Dallas Mar. 30, 2016, pet. denied).

[68] *Douglas v. State Farm Lloyds*, 37 F. Supp. 2d 532, 542 (S.D. Tex. 1999) (quoting *Higginbotham v. State Farm Mut. Auto. Ins. Co.,* 103 F.3d 456, 459 (5th Cir. 1997)).

objectively prepared; that Defendant was aware of a lack of objectivity in reaching the reports' findings; that Defendant unreasonably relied on representatives' estimates founded on unreasonable bases; or that Defendant's representatives implemented unreasonable procedures or pretextual beliefs in reaching their conclusions resulting in denial of Plaintiffs' claim. The record only shows a bona fide coverage dispute, which as set out above, does not, standing alone, show bad faith. Defendant reasonably based its denial of Plaintiffs' claim on findings that Plaintiffs' roof damage was a result of deterioration unrelated to the May 31, 2016 storm. Thus, at this stage, Defendant meets its burden and the burden shifts to Plaintiffs.

Considering Plaintiffs' lack of response, the Court is limited to evidence provided by Defendant.[69] A review of evidence before the Court reveals a lack of evidence that Defendant breached its duty of good faith and fair dealing. Thus, the record demonstrates there is no genuine issue of material fact on this cause of action. Therefore, the Court **DISMISSES WITH PREJUDICE** Plaintiffs' breach of common-law duty of good faith and fair dealing claim.

### 2. Violations of TIC

Under Texas law, common law bad faith and violations of the TIC "share the same predicate for recovery, such that evidentiary insufficiency is equally dispositive."[70] Similarly, the Court finds the evidentiary insufficiency as to Plaintiffs' breach of common-law duty of good faith and fair dealing claim is equally dispositive as to Plaintiffs' remaining TIC claims. Thus, the Court **DISMISSES WITH PREJUDICE** Plaintiffs' claims for violations of the TIC §§ 541.060, (a)(2)(A), (a)(3) (Unfair Settlement Practices), and 542.058 (Prompt Payment of Claims).

---

[69] While the record includes the IntegraClaims' estimate, Plaintiffs do not offer it as summary judgment evidence and the Court will not consider it. However, even if the Court considered the IntegraClaims' estimate, the estimate would only establish a bona fide dispute as to the amount of loss, which standing alone, would be insufficient to show bad faith.

[70] *Navarro v. State Farm Lloyds*, 2016 WL 4940255, at *8 (S.D. Tex. Jan. 11, 2016) (collecting cases).

### III. HOLDING

For the foregoing reasons, the Court **GRANTS** Defendant's "Motion to Strike and Exclude Plaintiffs' Experts,"[71] **STRIKES** Plaintiffs' expert designations, and **EXCLUDES** the expert testimony of Billy Liles; IntegraClaims Public Adjusters' "Employees, personnel, agents, custodian of records"; and Larry W. Lawrence, Jr. The Court also **GRANTS** Defendant's "Motion for Summary Judgment on Plaintiffs' Extra-Contractual Claims."[72] Thus, the Court hereby **DISMISSES WITH PREJUDICE** Plaintiffs' claims for common law bad faith and various violations of the TIC. Plaintiffs' breach of contract claim remains.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 25th day of March, 2019.

_____
Micaela Alvarez
United States District Judge

---

[71] Dkt. No. 20.
[72] Dkt. No. 24.